## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TONI R. DONAHUE,**

      **Plaintiff,**

      **v.**

**GOVERNOR SAM BROWNBACK,**

      **Defendant.**

**Case No. 18-CV-2055-CM-GLR**

## MEMORANDUM AND ORDER

Before the Court is the Defendant Governor Sam Brownback's Motion to Stay Discovery (ECF 14). Plaintiff has failed to respond. For good cause and the reasons set forth below, the Court grants the motion.

### I.    Background

Plaintiff filed this action on January 31, 2018. At that time, she asked the Court for permission to proceed in forma pauperis (ECF 3), which the Court granted (ECF 5). Defendant filed a motion to dismiss (ECF 12), and the present motion on July 6, 2018. Defendant's motion to dismiss asserts legislative immunity and Eleventh Amendment immunity as two bases for dismissal. In the present motion, Defendant asks that discovery be stayed pending the Court's ruling on the motion to dismiss in light of his assertion of immunity.

Pursuant to D. Kan. Rule 6.1(d), Plaintiff's response to the motion to stay discovery was due July 20, 2018. Although she filed a response to the motion to dismiss on July 16, 2018 (ECF 16), she has failed to respond to date to the motion to stay discovery. Thus, pursuant to D. Kan. Rule 7.4(b), the Court considers the motion to stay discovery as an uncontested motion.

However, the Court still examines the reasons set forth in Defendant's motion to stay discovery to determine whether a stay is appropriate.[1]

## II.　Analysis

"The general policy in this district is not to stay discovery even though dispositive motions are pending."[2] However, there are exceptions to this general policy, including "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[3]

Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery.[4] The Supreme Court has also held that until the "threshold immunity question is resolved, discovery should not be allowed."[5] One reason for this "is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6]

In this case, the Court finds a stay of discovery is appropriate. Defendant has raised issues as to legislative and Eleventh Amendment immunity in his pending motion to dismiss. Plaintiff has failed to respond to provide any reason discovery should not be stayed. Therefore, discovery will be stayed pending the Court's ruling on the motion to dismiss.

---

[1] "Whether to stay or otherwise limit discovery lies within the sound discretion of the Court." *Hammer v. Sam's E., Inc.*, No. 12-2618-CM-GLR, 2013 WL 3225847, at *1 (D. Kan. June 25, 2013) (citations omitted).

[2] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297–98 (D. Kan.1990)).

[3] *Id.*

[4] *See Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

[5] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).

[6] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Governor Sam

Brownback's Motion to Stay Discovery (ECF 14) is granted.

**IT IS SO ORDERED.**

Dated July 31, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge