# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TONI R. DONAHUE, individual and on behalf of minor child, DCD,

    Plaintiff,

v.

GOVERNOR SAM BROWNBACK,

    Defendant.

Case No. 18-2055-CM

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Governor Sam Brownback's Rule 59(e) Motion to Alter and Amend (Doc. 27). On October 24, 2018, this court granted defendant's motion to dismiss, dismissing all claims brought by plaintiff Toni Donahue. This court dismissed all claims with prejudice with the exception of the § 1983 official capacity claim for monetary damages, which was dismissed without prejudice. This court noted that it was dismissing the official capacity claim for monetary damages without prejudice because "Eleventh Amendment Immunity precludes suit in federal court only."

Defendant now requests that this court modify its order "by removing portions of two sentences at the end of the order that suggest Eleventh Amendment immunity is inapplicable to federal causes of action in state court." (Doc 27, at 1.) Defendant argues that he is also entitled to Eleventh Amendment Immunity in state court.

Relief under Rule 59(e) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). A motion to alter or amend judgment is appropriate where the

"court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000). It should not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Defendant claims he is entitled to modification of this court's order under Rule 59(e) to correct clear error. He argues that the Kansas Supreme Court has recognized that the state's sovereign immunity from federal causes of action also applies in state court, and therefore, the court erred in dismissing the § 1983 official capacity claim for monetary damages without prejudice.

The Kansas Supreme Court has held that "Kansas has sovereign immunity from claims by individuals based on federal law even when they are brought in state court." *Schall v. Wichita State Univ.*, 7 P.3d 1144, 1153 (Kan. 2000). This immunity applies unless it is waived or abrogated by Congress. *Id.* And as the court as previously noted, it is well-settled that § 1983 does not "abrogate the States' Eleventh Amendment Immunity." *Jones v. Courtney*, 466 F. App'x 696, 700 (10th Cir. 2012). Defendant, therefore, is correct that the court erred in dismissing the § 1983 official capacity claim without prejudice because "Eleventh Amendment Immunity precludes suit in federal court *only*." (Doc. 25, at 9.) (emphasis added.)

The court, however, is bound by Tenth Circuit precedent, which requires dismissal without prejudice in Eleventh Amendment Immunity cases. *See, e.g.*, *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (noting "Eleventh Amendment immunity is jurisdictional. As a result, these dismissals should have been without prejudice."); *Shue v. Lampert*, 580 F. App'x 642, 643–44 (10th Cir. 2014) (holding "[w]e conclude that the Eleventh Amendment required dismissal without prejudice of the claims against the three state officials in their official capacities."); *Cleveland v. Martin*, 590 F. App'x 726, 730 n.1 (10th Cir. 2014) (finding that the Eleventh Amendment "bears some attributes of subject-matter jurisdiction," and therefore "jurisdictional defects should generally result in dismissal without

prejudice rather than summary judgment."); *Kerchee v. Smith*, 527 F. App'x 817, 821 (10th Cir. 2013) (finding that claims dismissed for lack of jurisdiction on Eleventh Amendment grounds should have been dismissed without prejudice.); *Divine Church of God & Christ v. Taxation & Revenue Dep't*, 116 F.3d 1489 (10th Cir. 1997) (finding the district court erred by ruling on the merits of a claim when defendants were entitled to Eleventh Amendment immunity, and remanding the case "with instructions to dismiss without prejudice the claims . . . for lack of subject matter jurisdiction.").

The court therefore will amend its order and omit the word "only" from the sentence on page 9 of Doc. 25 which reads "[t]he court therefore dismisses the complaint with prejudice except for the § 1983 official capacity claim for monetary damages, as Eleventh Amendment Immunity precludes suit in federal court only." Based on Tenth Circuit precedent, the court will not amend the order to remove the dismissal without prejudice on the § 1983 official capacity claim for monetary damages. This claim remains dismissed without prejudice.

**IT IS THEREFORE ORDERED** that defendant's Rule 59(e) Motion to Alter and Amend (Doc. 27) is granted in part and denied in part. The court amends its Memorandum and Order (Doc. 25, at 9) to read "The court therefore dismisses the complaint with prejudice except for the § 1983 official capacity claim for monetary damages, as Eleventh Amendment Immunity precludes suit in federal court."

Dated December 6, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

-3-